UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 11-06-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EDWARD E. COOK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Edward Cook has submitted directly to the undersigned a pleading captioned "Motion to Proceed in Forma Pauperis by Affidavit." Through this pleading, Cook seeks to obtain certain docket entries and transcripts without payment. Although no action is pending, Cook states that these materials are needed to file a motion under 28 U.S.C. § 2255.

Two statutes, 28 U.S.C. §§ 753(f) and 2250, define the government's responsibility to provide transcripts or other court documents to indigent inmates. Pursuant to § 753(f), the government must furnish transcripts of criminal proceedings where a prisoner has authorization to proceed *in forma pauperis*, the court finds that the § 2255 action is not frivolous, and the court actually needs the transcript to rule on an issue. *See* 28 U.S.C. § 753(f). With respect to court documents, § 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

Thus, under both statutes, the petitioner must show "a particularized need" for the document requested. *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (addressing requirements of § 753(f) (citing *United States v. Maccollom*, 426 U.S. 317, 326 (1976)); *Bozeman v. United States*, 354 F. Supp. 1262, 1263-64 (E.D. Va. 1973) (explaining "particularized need" standard for purposes of § 2250). Here, Cook asserts that he needs the requested documents in connection with a future motion for collateral relief under 28 U.S.C. § 2255. This broad, vague reason is insufficient. Additionally, his request is premature inasmuch as no request for collateral relief is pending at this time. Accordingly, it is hereby

**ORDERED** as follows:

1.     The Clerk of the Court is directed to file the pleading captioned "Motion to Proceed In Forma Pauperis By Affidavit" in the record of this proceeding.

2.     Cook's Motion to Proceed In Forma Pauperis By Affidavit is **DENIED**.

This 18th day of September, 2014.



Signed By:

*Danny C. Reeves*

**United States District Judge**