UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                              )<br>    Plaintiff,                )<br>                              )<br> V.                           )<br>                              )<br> EDWARD E. COOK,              )<br>                              )<br>    Defendant.                )  | Civil Action No. 3: 14-7371-DCR<br>and<br>Criminal Action No. 3: 11-06-DCR-02<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

*** *** *** ***

Defendant Edward E. Cook has moved the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 134] In accordance with local practice, the motion was referred to a United States magistrate judge for review and issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On June 16, 2015, United States Magistrate Judge Hanly A. Ingram issued a Recommended Disposition, summarizing the factual and procedural history of the case and recommending that Cook's motion be denied. [Record No. 152] Additionally, Magistrate Judge Ingram recommended that a Certificate of Appealability not be issued. Neither Cook nor the United States has filed objections to the magistrate judge's Recommended Disposition.

**I.**

While this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of

-1-

a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Here, Cook has not filed objections to the report, and the time to do so has expired. Nevertheless, having fully considered the record, and having considered the motion *de novo*, the Court agrees with the magistrate judge's analysis and conclusions concerning the issues raised by Cook's § 2255 motion. Additionally, the Court agrees that a Certificate of Appealability should not issue.

## II.

Cook is currently serving a 148-month sentence of imprisonment for his involvement in the robbery of First Farmers Bank in Gratz, Kentucky. [Record No. 98] The robbery occurred on March 27, 2010. [Record No. 115, p. 6] According to witnesses, a green Dodge truck pulled up to the bank with two individuals. Between the two, they wore blue hooded jackets, a blonde wig, a bandana, sunglasses, latex gloves, and a ski mask. One carried a black duffel bag and the other wielded a black revolver. [*Id.* at 7, 12-13, 17, 75] The robber holding the firearm ordered an employee to open the bank vault, while the other forced a second employee into the vault. After filling the duffel bag with money from the vault and the teller drawer, the robbers placed the two employees in the vault and absconded. [*Id.* at 12, 71-72]

Following an investigation by law enforcement, Cook and his brother, Bryan Kelly, were indicted by a grand jury on counts of aiding and abetting and brandishing a firearm during a crime of violence. [Record No. 1] The defendants' trial began on August 15, 2011. [Record No. 64] During trial, the parties stipulated that Cook owned a 1999 green dodge pick-up truck. [Record No. 117, p. 127] Government witnesses testified, *inter alia,* that in the weeks following the robbery the co-defendants were flush with cash and alluded to – and even confessed – their involvement in the heist. [Record Nos. 116, pp. 205, 246-47; 117, pp. 83-88]

According to the defendant, on the day of the robbery, he and his brother spent the day working on his truck at his home in Frankfort, Kentucky, leaving only to obtain various truck parts and food. [Record No. 117, pp. 218-28] He testified that neither brother was in Gratz, Kentucky at the time of the robbery. [*Id.* at 234] However, a radio frequency engineer testified regarding the co-defendants' cell phone records at the time of the robbery, stating that their alibis were "virtually impossible." [Record No. 117, pp. 20-21] The United States presented evidence that a black revolver was recovered at Kelly's residence and latex gloves were found in Kelly's truck. [*Id.* at 33]

At the conclusion of the prosecution's case, Cook's attorney moved for acquittal under Rule 29 of the Federal Rules of Criminal Procedure. [Record No. 117, pp. 160-168] His attorney argued that the government had not produced sufficient evidence to warrant a conviction and had entirely failed to present evidence used during the robbery was ever in Cook's possession. [*Id.* at 161] Ultimately, these arguments were found unavailing. [*Id.* at

173; Record No. 118, pp. 2-4] The case was submitted to the jury and both defendants were found guilty. [Record No. 118, pp. 101-109]

Cook appealed, but the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment on October 3, 2013. [Record No. 126] On September 25, 2014, Cook filed the pending motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [Record No. 134] Cook claims, *inter alia*, ineffective assistance of counsel, Fourth Amendment violations, and insufficient evidence. [*Id.* at 4-5, 7-8] However, under the facts presented, Cook has not demonstrated that he is entitled to the relief he seeks.

### III.

A.   **Ineffective Assistance of Counsel**

Cook initially claims that his trial counsel was ineffective for: (i) failing to investigate the government's case; (ii) failing to object to the introduction of weapons; (iii) "arguing in support of courts [sic] questioning entry of evidence regarding firearm and admission of firearm evidence"; (iv) failing to cross-examine a witness; (v) failing to object to the prosecution's "use of words in opening and closing statements alluding to defendant 'could' have or 'might' have been guilty"; and (vi) failing to poll the jury. [Record No. 134, p. 4] These claims are unsupported by the record.

The magistrate judge correctly outlined the standard for claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires proof of deficient performance and prejudice. However, as the magistrate judge correctly noted, Cook has not alleged any specific facts or potential defenses that his attorney should have investigated, and he has failed to identify or describe any specific items of

evidence that were allegedly withheld from him. Further, Cook has not articulated a valid basis upon which his counsel should have objected to the prosecution's evidence at trial or explained how any of his attorney's alleged missteps resulted in prejudice to his case in the face of the voluminous evidence presented against him during trial. *See Strickland*, 466 U.S. at 697. Instead, the record suggests that his trial counsel was competent and well-prepared. [*See, i.e.,* Record No. 117, pp. 160-61.] Thus, Cook has failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In addition, several of Cook's arguments are raised for the first time in his reply brief and are, therefore, waived.[1] *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010). In short, Cook has not demonstrated that his counsel was ineffective.

Next, Cook alleges that his attorney was ineffective for failing to file an interlocutory appeal relating to his firearm charges. [Record No. 134, p. 5] Cook has failed to establish that counsel acted ineffectively because he has failed to offer any factual or legal basis for this claim. *See Wogenstahl v. Morgan*, 668 F.3d 307, 343 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance … are insufficient to state a constitutional claim.").

    B.    **Fourth Amendment Violations**

---

[1] Cook claims for the first time in his reply brief that counsel was ineffective for failing to object to the introduction into evidence of alarm company records through the testimony of Sandy Villanueva. [Record No. 148, page 7] But as explained in the magistrate judge's Recommended Disposition, this claim would also fail on the merits. [*See* Record No. 152, page 18]

According to Cook, his Fourth Amendment rights were violated when his cell phone records were used by the United States to determine his location on the day of the robbery. [Record No. 134, page 7]  However, this claim was not raised during trial or on direct appeal and is now procedurally unavailable to the defendant.  *Bousely v. United States*, 523 U.S. 614, 621 (1998) (except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in procedural default).  In some circumstances, a federal prisoner may obtain review of procedurally barred claims, such as when he can establish his actual innocence in light of new evidence, this exception is unavailing to the defendant.  However, the basis for an actual innocence claim must be "new reliable evidence . . . that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  Cook has not supplied – or even alleged – new, reliable evidence in his case.  Thus, the Court agrees with the magistrate judge's conclusion that Cook's Fourth Amendment claim is procedurally barred.

        C.      **Sufficiency of the Evidence**

Cook's claim that the "Jury Verdict was based on conjecture and circumstantial evidence and was not proven beyond a reasonable doubt" is similarly barred. [Record No. 134, p. 8]  As noted above and addressed in further detail in the magistrate judge's Recommended Disposition, the defendant appealed his conviction to the Sixth Circuit, which found that the government had presented sufficient evidence to support Cook's conviction on both counts against him.  [Record No. 126, pp. 4-6]  Because a motion under § 2255 may not be used to relitigate an issue already considered on direct appeal absent a change in the law,

Cook's claim of insufficient evidence is procedurally barred. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999).

### IV.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, a Certificate of Appealability will not be issued. The Court agrees with the magistrate judge that Cook cannot show that jurists of reason would find the above substantive conclusions debatable or wrong. Moreover, because the record conclusively shows that Cook is entitled to no relief, an evidentiary hearing is not warranted. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)).

### V.

Cook has not demonstrated that he is entitled to collateral relief under 28 U.S.C. § 2255. Likewise, he is not entitled to issuance of a Certificate of Appealability with respect to any issue raised in his motion. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Hanly A. Ingram [Record No. 152] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Edward E. Cook's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 134] is **DENIED**.

3. The Court declines to issue a Certificate of Appealability.

4. A judgment in favor of the United States shall issue this date.

This 20th day of July, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge